**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARTIN NWOGU,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 5:26-cv-02867-DMK

**ORDER DISMISSING PETITION AS MOOT**

## I. FACTUAL BACKGROUND

On May 27, 2026, Petitioner Martin Nwogu, an immigration detainee, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF 1. Respondents filed an Answer to the Petition on June 3, 2026. ECF 8. Petitioner filed a Reply on July 9, 2027. ECF 10. Subsequently, on July 24, 2026, Respondents filed a Notice of Intended Removal stating, they intended to remove Petitioner to Nigeria on July 31, 2026, "in accordance with his final removal order." ECF 11 at 2.

On September 18, 2026, the Court ordered Respondents to provide a status update regarding whether Petitioner's removal to Nigeria was completed. ECF 12. That same day, Respondents filed a status report stating that Petitioner had been

removed to Nigeria on August 4, 2026. ECF 13. Given Petitioner's removal, the Court dismisses this action without prejudice as moot.

## II. DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70, 104 S. Ct. 373, 78 L. Ed. 2d 58 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1984). See *Am. Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir. 1995) (stating that a case is moot if it does not present a live controversy for which relief can be granted). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (per curiam) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-241 (1937)).

Here, Petitioner's removal to Nigeria renders the Petition moot. Although Petitioner initially filed the instant Petition challenging his continued detention, he has since been removed to Nigeria. As such, he is no longer in custody, and no live case or controversy exists. See *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging only length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention"); *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide.").

## III. CONCLUSION

For the reasons set forth above, the Petition is dismissed as moot. Judgment shall be entered accordingly.

DATED: September 30, 2026

HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE